(No. 36336.— )
*In re* ARTHUR J. AHERN, Attorney, Respondent.

*Opinion filed September 22, 1961.*

DISCIPLINARY PROCEEDING.

J. R. CHRISTIANSON, of Chicago, *amicus curiae.*

ARTHUR J. AHERN, of Chicago, *pro se.*

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The Board of Managers of the Chicago Bar Association approved and adopted a report of the Committee on Grievances, sitting as commissioners of this court under Rule 59, wherein it was recommended that the respondent be suspended from the practice of law for the period of five years. Respondent has filed exceptions to the report. The respondent is charged with six acts of misconduct contained in five counts. Each count contains the charge that the respondent received payment for services, but either did not render any services or the services rendered by him were not commensurate with the amounts received.

The evidence under count I reveals that the respondent received $230 from Margaret E. Golden in 1954 to cover services and costs involved in a divorce action in which she was represented by other counsel. He attended the hearing to see that the matter was properly handled and did so as an observer. He did nothing else, but did tell the client that he did not render services to the extent of the fee paid. As to count II, respondent was retained by a Ruth Williams on February 1, 1955, to handle an adoption proceeding. He

received $150 in full payment for services to be rendered and for costs. The petition was filed April 16, 1957, after a complaint had been made by his client to the Chicago Bar Association. At the time of hearing before the commissioners, no decree of adoption had been entered. Respondent contends that the delay was incurred in part in procuring the required consents for the adoption and also by the failure of the Cook County Bureau of Public Welfare in filing their report in court. However, respondent does admit his laxness in prosecution of this proceeding and his explanation for delay is contradicted by Ruth Williams and a case worker for the Public Welfare Department. Count III reveals that respondent was retained by a Mary Englehorn in her annulment proceedings and to represent her son in a divorce proceeding. In 1957 and 1958, he received $240 for services to be rendered in both proceedings. When originally retained, respondent was representing the son in a criminal case. Respondent denies the fact that the fee was paid in connection with the divorce and annulment proceedings although the receipts seem to contradict him in this respect. The only service performed in the son's divorce proceeding was to check the court indices. He did, however, prepare and file a complaint for annulment but never proceeded to the decree. Later, substituted counsel obtained the entry of a decree of divorce. At the hearing before the commissioners, respondent stated he would make restitution of the $240. Count IV involves a retention of respondent in October of 1957, as attorney by the executor under the will of Martha Horn, deceased, for which he received from the executor $461.50 consisting of $300 in fees and the balance for costs. The estate was opened in the probate court of Cook County and action was taken to have the will admitted to probate and for the sale of personal property. No other court action was taken before he was removed as attorney and ordered to account for the money received by order of the probate court. At the time of hearing before

the commissioners, he had not complied with the court order although a writ of body attachment against him has issued out of the probate court of Cook County. Respondent stated, upon hearing, that he was unable to proceed in the matter of probating the estate due to the lack of co-operation on the part of the executor, that an accounting of the funds received will be made, and that he had received no notice or knowledge of the attachment. Count V reveals that in June of 1957, respondent was employed by Ernest L. Simons to file a divorce proceeding and he was paid the sum of $220. Pleadings were prepared, but no suit was ever filed as Simon's wife had obtained a divorce in another jurisdiction. Respondent has agreed to refund $170 and, as of the date of the hearing, $10 had been refunded.

The commissioners of this court found, among other things, that respondent had a practice during the years concerned which consisted primarily of criminal law; that he had returned only $10 (in the Simons count) and has returned no money he had received in the other matters contained in the other counts; that his testimony was inconsistent, and in many instances in direct conflict, with testimony of four complaining witnesses, two practicing lawyers, and an employee of Cook County Department of Public Welfare; that the conduct of the respondent during the course of the proceedings before the commissioners, with particular reference to his failure to keep any of the promises made concerning the production of documentary evidence and a return of clients' funds was improper and was evidence of his continued disregard of his professional obligations; and that the respondent's conduct tends to defeat the administration of justice and bring the legal profession into disrepute.

It is clear that the respondent could only retain the money paid to him by his various clients if he had rendered sufficient services and incurred expenses which would entitle him to retain the amount received. The commissioners'

findings as to counts I, III, IV and V are that respondent had not rendered services or incurred expenses equal to the amount retained. The evidence in this case is primarily concerned with the fact that respondent failed or neglected to render the services for which he was paid.

Respondent argues that charges of misconduct must be proved by clear and convincing evidence, that fraud will not be presumed but must be proved, and that proof of carelessness or mistake in judgment alone is not enough to justify discipline. These general propositions of law are accepted by *amicus curiae,* but he contends that respondent had not rendered services or incurred expenses equal to the amounts retained and that respondent has admitted he should make restitution in various amounts to the clients concerned, and therefore his retention of funds received as fees is not warranted and his conduct merits discipline under the decisions of this court.

An attorney should not be disbarred simply because of a dispute with a client over fees. (*People ex rel. Healy* v. *Stirlen,* 224 Ill. 636, 643). Here the respondent, in effect, has confessed an overcharge by admitting that restitution should be made to certain clients. A clear overcharge made solely to appropriate the funds of a client to his own use under the guise of a fee will subject an attorney to disbarment for such misconduct. (*People ex rel. Chicago Bar Ass'n* v. *Bamborough,* 255 Ill. 92.) In the present case there is no proof that the overcharge was solely to appropriate the funds of a client and the commissioners have recommended a suspension rather than disbarment. There being no finding of moral turpitude, we have examined the testimony to determine whether suspension is warranted. Contrary to the contention of respondent, there is nothing in Supreme Court Rule 59 or in the decisions of this court requiring the commissioners to find that the conduct of a respondent involves moral turpitude, in order to support suspension. In the case of *In re Hallmann,* 384 Ill. 325, it was held that misapplica-

tion and failure to account for funds may be grounds for disbarment, but where a corrupt motive and moral turpitude are not clearly shown, suspension is a proper punishment.

It is apparent that in the matters involved in all five counts, after receiving money for services to be rendered, respondent failed or neglected to perform, in full, the services for which he had been paid. Respondent's explanation for his conduct is the illness of his daughter due to polio, the illness and death of his wife, and the claimed excusable delay in obtaining consents in the adoption matter. The personal problems of respondent and his subsequent difficulties in his adjusting his own personal life may explain a good part of his conduct. Aside from the misconduct herein involved, there has been no blemish on respondent's reputation as an attorney since his admission to the bar of Illinois in 1928. This misconduct, altho it involves an error in judgment, is not shown to have resulted from corrupt motives. It is our opinion that censure is sufficient punishment. Respondent is therefore censured.

*Respondent censured.*