(No. 51557.—

*In re* JACK LEVIN, Attorney, Respondent.

*Opinion filed September 19, 1979.*

Mary M. Conrad, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

William J. Harte, of Chicago, for Respondent.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

In a four-count complaint, the Administrator of the Attorney Registration and Disciplinary Commission

charged that respondent, Jack Levin, who was admitted to practice law in this jurisdiction on May 19, 1960, had been guilty of conduct which tended to defeat the administration of justice and bring the legal profession into disrepute. Count IV was dismissed on motion of the Administrator and the Hearing Board found that the Administrator had failed to prove the allegations of counts II and III by clear and convincing evidence. The Hearing Board found that the evidence showed clearly and convincingly that respondent's conduct, as charged in count I, had brought the legal profession into disrepute in that respondent had neglected a legal matter which had been entrusted to him, and recommended that he be suspended for a period of one year. The Review Board, with three members voting for censure, rather than suspension, concurred in the recommendation.

All three counts arose out of respondent's representation of clients in personal injury cases. Counts I and II were based upon cases which had been referred to respondent after being filed by other lawyers, and count III involved a case in which respondent was employed by the parties. Prior to respondent's entering the case the action which was the subject of count I was dismissed as to one of two defendants because of the plaintiffs' failure to answer interrogatories. It was subsequently dismissed as to the other defendant because of the plaintiffs' failure to appear for a discovery deposition. The case out of which count II arose was dismissed for want of prosecution, and the action involved in count III was dismissed because of failure to comply with the rule concerning pretrial conferences (58 Ill. 2d R. 218).

Respondent contends that the allegations contained in count I were not proved by clear and convincing evidence, that the Hearing Board erroneously placed upon respondent the burden of proof on matters on which the burden should have been borne by the Administrator, and that

assuming that the evidence was sufficient to prove that respondent was negligent in the handling of a legal matter, the sanction of suspension for a period of one year was excessive. The Administrator contends that the hearing and review boards erred in holding that the evidence adduced in proof of counts II and III was not clear and convincing, and that suspension from the practice of law for a period of one year was not an excessive sanction.

Respondent testified that he was a trial attorney and that most of his practice consisted of referrals from other attorneys. In November 1968, attorney Basil Elias referred to respondent a personal injury case which had been filed on July 27, 1967, on behalf of Leonard Pratscher and Paulette Pratscher, his wife, seeking to recover for personal injuries suffered on June 4, 1967. On October 30, 1968, one of two defendants had been dismissed from the action because of plaintiffs' failure to answer that defendant's interrogatories. On November 14, 1968, plaintiff Leonard Pratscher and respondent met for the first time at Elias' office and it was agreed that respondent would assume the further handling of the case.

Respondent testified that shortly after that time he entered into settlement negotiations with an attorney who represented the remaining defendant. At that time he and the attorney were negotiating settlement of a number of other cases. Respondent stated that there was discussion with opposing counsel to the effect that the case should be settled for $10,000 to $15,000, and that sometime early in 1970 plaintiff Pratscher approved a settlement in the amount of $12,000. Respondent communicated approval of the settlement to the attorney representing the defendant, who died shortly thereafter. At the time of the attorney's death respondent had not received the releases for the settlement. There was no documentation of the settlement in the deceased attorney's files, and his firm, after repeated efforts to take the plaintiffs' depositions,

moved for the dismissal of the case. The case was dismissed on January 25, 1971.

There was considerable conflict in the testimony of Pratscher and respondent concerning whether Pratscher had approved the settlement and whether he had ever been notified that depositions were to be taken. Pratscher and respondent were not in agreement concerning whether Pratscher had been advised of the dismissal of the lawsuit, and he testified that in 1972 he learned of the dismissal through another attorney. Later he complained to the disciplinary commission, and has also filed a malpractice action against respondent.

Respondent testified that he had called one of the surviving partners of the deceased lawyer and inquired about the settlement, thinking that perhaps the releases had been sent to Elias, who had remained attorney of record. Respondent was advised that the firm had no knowledge of the settlement. Respondent then filed a motion to vacate the dismissal on the ground that the case had been settled for $12,000, and that plaintiffs had a just and meritorious cause of action. That motion was denied on July 16, 1973. Respondent filed a motion for rehearing, which apparently remains pending.

We have examined the testimony concerning counts II and III, and although respondent's handling of the matters therein involved would scarcely merit accolades, we are unable to say that in holding that the Administrator had failed to prove the allegations by clear and convincing evidence, the hearing and review boards were in error.

We do not agree with respondent's contention that the evidence concerning count I fails to prove by clear and convincing evidence that he neglected a legal matter which had been entrusted to him. The testimony shows that the plaintiffs executed answers to interrogatories shortly after respondent was employed, that almost two months elapsed prior to their being filed, and that no effort appears to

have been made to set aside the prior order of dismissal as to the one defendant. The testimony shows that there were long periods of time during which no action whatsoever was taken; that respondent failed to act with diligence in attempting to complete the settlement which he allegedly had negotiated, and in taking further action when the deceased attorney's firm took the position that no settlement had been agreed upon. Respondent failed to explain why arrangements were not made to produce the plaintiffs for deposition or to obtain such orders as may have been necessary to obtain continuances from the dates upon which the depositions were to be taken.

Respondent concedes that he committed an error of judgment in failing to obtain documentation of the settlement offer, but argues that "poor judgment unaccompanied by an improper motive does not constitute neglect, ABA Comm. on Ethics and Professional Responsibility, Informal Opinion 1273 (1973), and is not ground for discipline."

As the court observed in *In re Chapman* (1978), 69 Ill. 2d 494: "The traditionally high standards of the legal profession impose upon an attorney the duty to respresent a client with zeal and diligence, and as we said in *In re Taylor*, 66 Ill. 2d 567, 571: '*** we find that neglect in the performance of an attorney's duties to a client can be sufficient to warrant disciplinary action. Suspension is a proper punishment "where a corrupt motive and moral turpitude are not clearly shown." (*In re Ahern* (1961), 23 Ill. 2d 69, 74 ***.)' " (69 Ill. 2d 494, 501.) Respondent's dilatory conduct is hardly exemplary of the "zeal and diligence" required of an attorney in the representation of his clients, nor do we find it plausible that the failure to take action with respect to the scheduled depositions can be excused on the ground that he thought the case was settled.

We consider now the question of an appropriate

sanction. The purpose of a disciplinary proceeding is to safeguard the public and maintain the integrity of the legal profession. As was said in *In re Andros* (1976), 64 Ill. 2d 419, 425-26, "While a degree of uniformity in the application of attorney discipline is desirable, each case must still be determined on its own merits." The Administrator cites, as analogous to the situation shown here, *In re Taylor* (1977), 66 Ill. 2d 567, *In re Chapman* (1978), 69 Ill. 2d 494, and *In re Levinson* (1978), 71 Ill. 2d 486. *Taylor* and *Levinson* involved situations where the respondents had accepted payment for their services and subsequently neglected their duties in representing the complainants, and in both cases there was evidence of several instances of neglect. This case more closely resembles *In re Chapman.* Furthermore, as in *Chapman,* respondent had not previously been charged with unprofessional conduct.

On this record we conclude that the recommended suspension of respondent for a period of one year would not serve the interests of the public or the legal profession. It is our opinion that an appropriate sanction is that respondent be suspended from the practice of law for three months.

*Respondent suspended.*