(No. 53216.—

*In re* ALYCE TALLMANN NEFF, Attorney, Respondent.

*Opinion filed December 1, 1980.*

Philip Schickedanz, of Springfield, for the Administrator of the Attorney Registration and Disciplinary Commission.

No appearance for respondent.

MR. JUSTICE UNDERWOOD delivered the opinion of the court:

On February 2, 1979, the Administrator of the Illinois Attorney Registration and Disciplinary Commission filed a petition pursuant to Rule 763 (73 Ill. 2d R. 763) alleging that on January 2 the respondent, Alyce Tallman Neff, also known as Alyce Neff Browne, had been suspended indefinitely from the practice of law in the State of Wisconsin. The order of the Supreme Court of Wisconsin indicates, in addition to the indefinite suspension, that respondent would not be permitted to petition for reinstatement for at least six months and would not be reinstated unless and until she paid $500 costs to the Board of Attorneys Professional Responsibility and had made whole the former client upon whose complaint the action was based. The Administrator's petition sought an order of this court subjecting respondent, who was licensed in 1961 to practice law by this court, to the same disciplinary sanction in this State to run concurrently with the Wisconsin discipline.

Respondent requested a hearing upon the Administrator's petition, and the cause was referred by us to the Hearing Board pursuant to Rule 763. A panel of that board held a hearing and recommended "that the Respondent be suspended from the practice of law in the State of Illinois on the same terms and conditions as previously imposed upon Respondent by the State of Wisconsin, to run concurrently with the discipline imposed by the State of Wisconsin." Respondent excepted to the recommendation of the Hearing Board. Although she filed no brief, respondent did appear before the Review Board, which noted in its order that she was "the mother and sole support of five (5) children," and that her practice was limited and her income sparse. There is no transcript in this record of the proceedings before the Review Board, and we have nothing before us indicating the basis for those findings. We do note, however, that respondent had testified before the hearing panel that she was receiving support from two former husbands. The Review Board concluded, with two members dissenting, that substantially less discipline was warranted in Illinois and dismissed the complaint. The cause is before us pursuant to leave granted the Administrator to file exceptions to the Review Board's action.

Rule 763, on reciprocal disciplinary action, provides:

"If an attorney licensed to practice law in this State and another State is disciplined in the foreign State, he may be subjected to the same discipline in this State, to run concurrently with the discipline in the foreign State, upon proof of the order of the foreign State imposing the discipline.

The Administrator shall initiate proceedings under this Rule by filing a petition with the court, to which a certified copy of the order of the foreign State is attached, together with proof of service upon the attorney. Within 21 days after service of a copy of the petition upon him the attorney may request in writing a hearing on the petition.

The hearing shall be held before the Hearing Board no less than 14 days after notice thereof is given to the attorney respondent and the Administrator. At the hearing the attorney may be heard only on the issues as to (1) whether or not the order of the foreign State was entered; (2) whether it applies to the attorney; (3) whether it remains in full force and effect; (4) whether the procedure in the foreign State resulting in the order was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process of law; and (5) whether the conduct of the attorney warrants substantially less discipline in this State.

If an attorney is suspended or disbarred in this State pursuant to this Rule, the reinstatement in this State shall be governed by the provisions of Rule 767.

Nothing in this Rule shall prohibit the institution of independent disciplinary proceedings in this State against any attorney based upon his conduct in another State, and, in the event the Administrator elects to proceed independently, any discipline imposed in this State shall not be limited to the discipline ordered by a foreign State." 73 Ill. 2d R. 763.

The only issue here is whether the conduct of the respondent warrants substantially less discipline in this State.

The Wisconsin proceedings were the result of a complaint by a client of the respondent with that State's Board of Attorneys Professional Responsibility. The complaint by that board to the Supreme Court of Wisconsin alleged that in 1974 respondent accepted $75 from the client for representation in a bankruptcy action; that she informed the client that bankruptcy papers were filed; that the statement so made was not true; that the client thereafter obtained other counsel to represent him and demanded of the respondent the return of the money paid as a retainer; and that she failed and refused to return such funds. A "Second Claim for Discipline" in that complaint consisted of allegations that respondent failed on at least three occasions to answer correspondence concerning the client's complaint from representatives of the State bar and the

district grievance committee. These failures by the respondent constituted a violation of Wisconsin's standards of professional conduct.

Respondent appeared at a prehearing conference in Wisconsin and requested and was granted an opportunity to answer the complaint, but did not do so. She failed to appear at the subsequent default hearing on the complaint, following which a referee made findings in accordance with the complaint and the supreme court entered its order of suspension based upon those findings.

At the subsequent hearing on the complaint now before us respondent stated that she received notice December 9, 1978, from the Supreme Court of Wisconsin that she had been suspended from membership in the State bar of Wisconsin for failure to comply with that State's 1977 continuing-legal-education requirements. Respondent further testified that she did not pursue the subsequent Wisconsin disciplinary matter because she did not intend to practice in Wisconsin and would limit her practice to Illinois. Respondent indicated that she did not refund the retainer fee because she believed she was entitled to it as a result of more than three hours spent with the client. She also introduced into evidence a copy of her petition for reinstatement and "Immediate Inactive Status" addressed to the Supreme Court of Wisconsin. Her unexecuted supporting affidavit states that she met the conditions for reinstatement and "has forwarded" the $500 costs to the Wisconsin board and repaid her client. An affidavit by that client also indicated repayment of $75. Upon questioning by the panel members, respondent indicated she had not actually forwarded the documents but intended to execute and forward the originals of the documents and the $500 costs to the Wisconsin bar that afternoon, "within two hours." She did not do so.

The Administrator notes in his brief that when respondent appeared before the Review Board six months

later she still had taken no action to resolve her Wisconsin suspension. The respondent has not filed a brief in this court, and we have no indication that her representation to the Hearing Board has been fulfilled.

The Review Board majority based its conclusion that substantially less discipline was warranted in Illinois on its finding that restitution was made to the client, only $75 was involved, respondent's income was sparse, and there did not appear to be any fraud, deceit or misrepresentation attributable to her.

It is settled that final responsibility for determining the discipline to be imposed rests in this court and that in determining the appropriate penalty we may properly consider all facts and circumstances in aggravation and mitigation, including respondent's actual conduct. (*In re Cook* (1977), 67 Ill. 2d 26; *In re Lytton* (1971), 48 Ill. 2d 390.) Determining the discipline to be imposed upon an erring attorney is never a simple matter, but there are few of our functions more important than our supervision of the disciplinary system. The purpose of that system is to safeguard the public and maintain the integrity of the legal profession. (*In re Spencer* (1977), 68 Ill. 2d 496.) The principal objective of a disciplinary inquiry is to determine whether the attorney is a proper person to be permitted to practice his profession. *In re March* (1978), 71 Ill. 2d 382; *In re Andros* (1976), 64 Ill. 2d 419.

It is established here that respondent had accepted a fee to represent a client in a bankruptcy matter and told him she had filed the necessary papers. In fact she had not done so and did not do so. She refused to refund the fee, and she failed to answer repeated attempts by disciplinary personnel to contact her regarding the client's complaint. Respondent's explanation to our hearing panel that she believed she had earned the fee was, of course, an explanation which would have been appropriate in the Wisconsin proceedings. It was not appropriate here, since the con-

trary Wisconsin findings are *res judicata.* (*In re Cook* (1977), 67 Ill. 2d 26, 32; *In re Andros* (1976), 64 Ill. 2d 419, 423.) After the Wisconsin disciplinary complaint was filed, respondent requested and was granted an extension of time within which to file an answer but did not do so, and was ultimately defaulted. The Wisconsin sanctions seem clearly justified, and respondent has not improved her position by her failure to implement her statement to the Illinois hearing panel that she was mailing the documents to the Wisconsin Supreme Court.

Under ordinary circumstances we would agree with the hearing panel that substantially less discipline in Illinois is inappropriate. These circumstances, however, are not ordinary. The six months' minimum period of suspension imposed in the Wisconsin proceedings has now expired. Respondent has refunded the retainer fee to the former client. Presumably she would be reinstated in Wisconsin if she paid the $500 costs incurred in that proceeding and met the continuing-education requirements. She indicates, however, that she does not intend to seek reinstatement, a choice which is hers to make.

While we acknowledge respondent's right to refrain from seeking reinstatement, we are under no obligation to permit her to practice law in Illinois while ignoring the order of the Wisconsin court requiring her to pay the accrued costs of that disciplinary action. Respondent's conduct there not only reflected unfavorably upon her but also upon the integrity of the legal profession. She has displayed a remarkable lack of concern and indifference to those proceedings and regarding her representations to the hearing panel in this case. Considering, however, that the proceedings before us arose solely because of the Wisconsin incident, and respondent apparently is now eligible for reinstatement there except for the continuing-education requirements, we believe it a sufficient sanction to suspend her pending payment by her of the $500 in accrued court costs.

It is accordingly ordered that respondent be suspended from the practice of law in this State until such time as she files with the clerk of this court a receipt from the clerk of the Supreme Court of Wisconsin showing payment of the accrued court costs in the amount of $500.

*Respondent suspended.*