(No. 62754.—

*In re* DAVID B. HOUDEK, Attorney, Respondent.

*Opinion filed September 17, 1986.*

John A. Holtaway, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

No appearance for respondent.

JUSTICE SIMON delivered the opinion of the court:

On March 4, 1985, the Administrator filed a complaint against the respondent, alleging that he had commingled and converted client funds, neglected a legal matter, and made misrepresentations of fact to his client and to the Attorney Registration and Disciplinary Commission (Commission). Because the respondent failed to answer or otherwise plead to the complaint, the Hearing Board entered an order pursuant to Commission Rule 236 deeming the allegations of the complaint admitted. The respondent also failed to appear at a subsequent hearing despite notice to appear and produce evidence pursuant to Supreme Court Rule 237 (87 Ill. 2d R. 237).

The Hearing Board found, based upon evidence produced by the Administrator at that hearing, that the allegations contained in the complaint were true, and that the respondent had fabricated evidence for the purpose of misleading the Commission. The Hearing Board recommended that the respondent be suspended from the practice of law for two years. The Review Board approved the report of the Hearing Board, but two members recommended in a concurring opinion that the re-

spondent be suspended for two years and until further order of this court. The Administrator has filed exceptions regarding the sanction recommended by the hearing and review boards. The respondent has not filed a brief, and pursuant to this court's order of March 5, 1986, the matter is taken on the Administrator's brief.

The evidence reveals that Edward Spila retained the respondent to represent him in the purchase of realty in Steger, Illinois. On September 11, 1982, the day of the closing, Spila paid the respondent $200, the fee agreed upon for his services. The respondent attended the closing and agreed to prepare and submit the documents necessary for Spila to assume the seller's mortgage and to register the title with the Registrar of Torrens Titles in Cook County. On September 22, 1982, Spila gave the respondent $45 to remit to the mortgagee for costs related to the mortgage assumption, and the respondent told Spila the mortgage assumption papers had been mailed.

In November 1982, Spila learned and informed the respondent that the mortgagee had not received the mortgage assumption documents or the $45 fee. The respondent told Spila that the papers would be refiled. As of December 28, 1982, the mortgagee had still not received the papers or fee, and Spila himself thereafter filed the necessary documents and paid the fee. As of January 22, 1983, the respondent had not registered the title to the realty, and Spila thereafter retained a second attorney to whom he paid $347.50 in legal fees and costs to register the title. As of May 22, 1985, the respondent had not refunded Spila's $45, nor did he ever maintain those funds in a separate and identifiable trust account.

On December 27, 1982, Spila filed a charge against the respondent with the Commission. By a letter of April 13, 1983, the respondent answered the charge, stating that in September 1982 he had mailed the documents

and his own check in the amount of $45 to the mortgagee. The respondent attached a copy of the check he claimed to have sent which was dated September 22, 1983. The Administrator contends that the respondent's statement was false and that the check was prepared at or about the time he submitted his answer to the Commission.

On November 3, 1983, the respondent was served with a *subpoena duces tecum* requiring him to appear and give testimony before a panel of the Inquiry Board. The respondent failed to appear, and the Administrator filed a report with the court. On April 2, 1984, the court entered an order suspending the respondent from the practice of law until further order of the court. The respondent then appeared before the Commission and testified that he had mailed a check for $45 to Spila in April 1983 to reimburse him for the mortgage assumption fee, and that a few days later he found the check in his mailbox at home without any note from Spila. The Administrator asserts that this testimony was false, and that the respondent never mailed a check to Spila.

The question presented for review is whether the respondent's misconduct warrants suspension for two years and until further order of the court. That misconduct consisted of commingling and converting client funds; neglecting a legal matter; making misrepresentations to a client; and fabricating evidence, which was submitted to the Commission, for the purpose of deceiving the Commission. The misconduct originally complained of involved a single case and a small amount of money. Rather than addressing that complaint promptly in an honest, straight-forward manner, however, the respondent delayed answering; then answered untruthfully with fabricated evidence; failed to appear before the Commission until suspended from the practice of law; and then testified falsely before the Commission. Appar-

ently he has still not made restitution to Spila. Such behavior does not inspire confidence that the respondent is able to conform his conduct to professional standards.

Since neglect of a legal matter is in itself sufficient ground for suspension (*In re Levin* (1979), 77 Ill. 2d 205), the question is one of the appropriate length of suspension. The respondent's failure to remedy his neglect when Spila complained of it to him, his misrepresentation to Spila that he had taken care of the matter, and his less than candid dealings with the Commission warrant a suspension of 24 months. Moreover, his failure to date to make restitution to Spila and the lack of any evidence that he is willing or able to meet professional standards of conduct in the future warrant suspension until further order of the court. (*In re Levinson* (1978), 71 Ill. 2d 486, 493.) Respondent is suspended for 24 months and until further order of the court.

*Respondent suspended.*