(No. 65941.—

*In re* ROBERT HARVEY KUNZ, Attorney, Respondent.

*Opinion filed May 18, 1988.*

548

William F. Moran III, of Springfield, for the Administrator of the Attorney Registration and Disciplinary Commission.

Robert H. Kunz, of Peoria, respondent *pro se.*

JUSTICE CLARK delivered the opinion of the court:

This case comes before us on the reports and recommendations of the Hearing Board and Review Board. The respondent, attorney Robert H. Kunz, was charged by the Administrator of the Attorney Registration and Disciplinary Commission in a two-count complaint with several violations of the Code of Professional Responsibility. The Hearing Board recommended that the respondent be suspended for two years or until further order of court with probation; and that the suspension be stayed on the condition that the respondent: report periodically to the Administrator, immediately enter into a program of psychological counseling and treatment for alcohol abuse, and abstain from the use of alcohol. (See 107 Ill. 2d Rules 771(f), 772.) The Review Board recom-

mended that the respondent be suspended for one year or until further order of court, with probation, and that the suspension be stayed on the condition that the respondent immediately enter into a program of psychological counseling and treatment for alcohol abuse, abstaining from the use of alcohol, subject to such requirements that the Administrator might impose in order to supervise the stay of the suspension. The Administrator has filed exceptions to the recommendation of probation and to the length of the suspension.

The respondent has been licensed to practice law in Illinois since April 14, 1972. On December 17, 1981, he was arrested and charged with driving while his license was suspended. (Ill. Rev. Stat. 1981, ch. 95½, par. 6—303.) He was convicted of the charge in the circuit court of Peoria County on June 29, 1983. He was sentenced to pay a fine and to be subject to court supervision for a period of three months. The court's order provided that the respondent was not to violate any law during the period of supervision, which was to run from June 29, 1983, until September 28, 1983.

On September 17, 1983, less than two weeks before the supervision period was due to expire, the respondent was again arrested; this time, charged with driving while under the influence of intoxicating liquor (DUI). (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a).) On January 1, 1984, before this case had come to trial, the respondent was again arrested, and charged again with DUI. After a jury trial, the respondent was found guilty of the first charge of DUI. Thereafter, the court found the respondent guilty of violating the terms of his supervision. On July 24, 1984, the respondent pled guilty to the second charge of DUI.

On August 6, 1984, the circuit court sentenced the respondent on all three charges. For driving while his license was suspended, the respondent's supervision was

revoked (Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4.1), and he was sentenced to pay court costs and to serve seven days in jail. For the first DUI charge, he was sentenced to one year of probation, 30 days in jail, and costs. For the second DUI charge he was sentenced to one year of probation, 60 days in jail, and costs. The 60- and 30-day jail terms were to be served concurrently.

Some time after his sentencing, the respondent enrolled in an in-patient substance-abuse program at the Veteran's Administration Hospital in Danville, Illinois. He received a stay of his sentences to attend the program. While there, he attended meetings of Alcoholics Anonymous. After leaving the hospital he attended three outpatient meetings about alcohol abuse, but did not join Alcoholics Anonymous or any other professional or medical treatment group.

On October 19, 1984, the circuit court ordered the respondent to report to Peoria County jail on October 31 to begin serving his sentences. Instead, the respondent, by his own testimony, "got drunk," and "hopped on a bus" bound for Los Angeles, California, stopping on the way in Las Vegas, Nevada, to "see some friends." A warrant was issued for the respondent's arrest. After several days of travel, the respondent called the Peoria County sheriff's department and made arrangements to return to Illinois. On November 12, 1984, the respondent surrendered and began serving his sentences. After 56 days in jail, he was released.

On January 24, 1986, the Administrator filed a two count complaint with the Hearing Board, alleging the acts outlined above, and charging that these acts constituted: (1) conduct prejudicial to the administration of justice in violation of Rule 1—102(a)(5) of the Illinois Code of Professional Responsibility (107 Ill. 2d R. 1—102(a)(5)); (2) disregard of the ruling of a tribunal in violation of Rule 7—106(a) of the Code (107 Ill. 2d R. 7—

106(a)); and (3) conduct which tends to bring the courts and the legal profession into disrepute (107 Ill. 2d R. 771). The respondent failed to answer or otherwise plead to the complaint. As a result of this failure, the Hearing Board on March 21, 1986, entered an order pursuant to Commission Rule 236 deeming that the facts of the complaint had been admitted.

At a hearing held on July 11, 1986, the Administrator presented the evidence outlined above. In addition, the Administrator introduced into evidence certain newspaper articles from the Peoria Journal Star. These articles stated that the respondent had been charged with and found guilty of the various offenses listed above, and had failed to appear to begin serving his sentence. The articles were admitted not to prove the truth of the statements but only for the limited purpose of proving that the actions of the respondent had been published and circulated in the community and therefore could constitute conduct tending to bring the courts and legal profession into disrepute.

At the hearing, the respondent appeared *pro se*, admitting the truth of the allegations in the complaint. He stated that he was continuing to consume alcoholic beverages on a social basis, although he no longer drove an automobile. He further testified that he did not believe that he needed further professional care, and that he had entered the hospital rehabilitation program partially out of a desire to propitiate the circuit court.

The respondent did not file a brief before the Review Board, but did appear for oral argument. During oral argument, he admitted that he was an alcoholic. In his brief and argument before this court, he again admits he is an alcoholic, claims to have abstained from alcohol since March of 1987, a period of nine months, and asserts that he is currently enrolled in an alcohol rehabilitation program.

The respondent does not dispute the conclusion of the Hearing and Review Boards that he is guilty of the charges brought against him. The Administrator, however, takes exception to the recommendation of probation and to the length of the suspension.

Probation is governed by our Rule 772(a), which provides:

"The court may order that an attorney be placed on probation if the attorney has demonstrated that he:

(1) can perform legal services and the continued practice of law will not cause the courts or profession to fall into disrepute;

(2) is unlikely to harm the public during the period of rehabilitation and the necessary conditions of probation can be adequately supervised;

(3) has a disability which is temporary or minor and does not require treatment and transfer to inactive status; and

(4) is not guilty of acts warranting disbarment."

(107 Ill. 2d R. 772(a).)

The Administrator concedes that the respondent meets conditions (1) and (4), but argues that he does not meet conditions (2) and (3). The Administrator argues that the respondent's failure to admit his alcoholism and his continued consumption of alcohol render his disability severe and permanent and also make it likely that he will harm the public during his period of rehabilitation. While acknowledging that the respondent now admits his alcoholism, the Administrator argues that these statements have not been subject to cross-examination, and therefore lack credibility.

We have previously used probation under Rule 772 to deal with alcoholic attorneys. (See *In re Ackermann* (1983), 99 Ill. 2d 56; see also *In re Chapman* (1983), 95 Ill. 2d 484; *In re Driscoll* (1981), 85 Ill. 2d 312.) Our approach to these cases conforms to the modern view that alcoholism is better characterized as a treatable disease

than as a moral failing. (See *Powell v. Texas* (1968), 392 U.S. 514, 522, 20 L. Ed. 2d 1254, 1262, 88 S. Ct. 2145, 2149.) Probation, when combined with a stay of suspension, provides the alcoholic attorney with an incentive to complete his rehabilitation.

We agree with the Hearing and Review Boards that Rule 772 probation is appropriate in this case. It is clear that the respondent has been slow to recognize his alcoholism and that he has in the past used insincere promises of rehabilitation in order to secure favorable treatment. However, the respondent has now apparently recognized his problem and has begun to seek help. Under these circumstances, we believe that he is unlikely to pose a danger to the community and that his disability is remediable.

We also note that there is nothing in the record to suggest that the respondent's alcoholism has affected the respondent's ability to serve his clients. The danger posed to the community by his alcoholism has thus far been unrelated to the respondent's status as an attorney. Probation is therefore unlikely to create any greater danger for the community than suspension.

We sympathize with the Administrator's position that the respondent's belated recognition of the problem has deprived the Administrator of the ability to cross-examine the respondent so as to test the credibility of his statements. However, if the respondent is in fact insincere, the Administrator remains free to seek revocation of the stay, which is in any case conditional upon: the respondent's presentation of proof that he has in fact entered into a continuing program of treatment for alcoholism; the respondent's abstention from alcohol; and compliance with any reasonable conditions the Administrator may impose in order to supervise the respondent's probation. We therefore find that probation is appropriate.

The Administrator also argues that the suspension should be for two years and until further order of court, rather than one year. We agree. The purpose of attorney disciplinary proceedings is to protect the public and to safeguard the integrity of the legal profession. (*In re Lenz* (1985), 108 Ill. 2d 445, 450-51; *In re Goldstein* (1984), 103 Ill. 2d 123, 131; *In re Levin* (1979), 77 Ill. 2d 205.) While we strive to be consistent when imposing discipline, each case must be evaluated on its own merits. (*In re Rosin* (1987), 118 Ill. 2d 365, 387.) There is no question that the defendant's defiance of court orders constitutes conduct which subjects him to discipline. On the other hand, there is evidence that the respondent's conduct was caused by an alcoholic condition which he has now recognized and is willing to treat. For these reasons, the respondent is suspended for two years and until further order of the court, but the suspension will be stayed and probation granted on the conditions that the respondent immediately enter into a continuing program of treatment for alcoholism and that he present proof of his entry to the Administrator before the stay can take effect, that the respondent abstain from alcohol, and that the respondent comply with any reasonable conditions the Administrator may impose in order to supervise the respondent's probation.

*Suspension ordered but
stayed upon condition;
conditional probation entered.*