(No. 46201.—)

*In re* WALTER DAKIN WILLIAMS, Attorney, Respondent.

*Opinion filed March 29, 1974.*

64

Walter Dakin Williams, *pro se.*

William T. Panichi, of Springfield, for Illinois State Bar Association.

MR. JUSTICE RYAN delivered the opinion of the court:

The Board of Governors of the Illinois State Bar Association, sitting as Commissioners of the Supreme Court under Rule 751 (50 Ill.2d R. 751), has recommended that the respondent, Walter Dakin Williams, be censured for violation of Canon 6 of the Canons of Professional Ethics. On this appeal the respondent contends that his actions did not violate Canon 6.

The relevant facts are not disputed. In 1968 the respondent represented Dr. John Lakes in a divorce action. A divorce decree was entered on September 13, 1968, which ordered Mrs. Lakes to "execute all necessary documents to effect the change of beneficiaries on

plaintiff's insurance policies." Dr. Lakes wished to change the beneficiary from his wife to his children. Because an insurance policy had been lost, the insurance company required both Dr. Lakes and his wife to execute a lost-policy affidavit before changing the beneficiary. The respondent was requested by Dr. Lakes to handle this matter. The respondent secured Mrs. Lakes's signature on the affidavit, and on November 29, 1968, delivered the executed affidavit to Dr. Lakes. Dr. Lakes died on December 22, 1968. At the time of his death he had not forwarded the executed lost-policy affidavit to the insurance company.

The respondent was retained to represent the estate of Dr. Lakes, but was discharged from that position by the administrator one day later. Subsequently, he was retained by Mrs. Lakes to represent her in the collection of the proceeds of Dr. Lakes's life insurance policies. He represented her in an interpleader action filed by one of the insurance companies involved. This action was decided adversely to Mrs. Lakes. Shortly after that decision, the respondent was served with a complaint by the Bar Association charging him with professional misconduct and he immediately withdrew as Mrs. Lakes's attorney. He received no compensation for representing her. The Board of Governors found that the respondent's employment by Mrs. Lakes was in conflict with his prior services rendered to Dr. Lakes, and thus violative of Canon 6. The pertinent paragraphs of Canon 6 state:

> "It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. Within the meaning of this canon a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose.
>
> The obligation to represent the client with undivided fidelity and not to divulge his secrets or

confidences forbids also the subsequent acceptance ,of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed."

The respondent contends that there being no evidence that he divulged confidential information received from Dr. Lakes, his subsequent employment by Mrs. Lakes did not violate Canon 6. He argues that at most he is guilty of poor judgment.

Clearly, an attorney violates Canon 6 when he uses confidential information against a former client. However, the proscription of Canon 6 does not extend only to that type of manifest disloyalty. The scope of an attorney's duty of loyalty to his clients was described in *People v. Gerold,* 265 Ill. 448, 477, where the court stated: "The rule has long been firmly established that an attorney cannot represent conflicting interests or undertake to discharge inconsistent duties. When he has once been retained and received the confidence of a client he cannot enter the service of those whose interests are adverse to that of his client or take employment in matters so closely related to those of his client or former client as in effect to be a part thereof."

The *Gerold* rule was cited by the court in *In re Michal,* 415 Ill. 150. *Michal* involved an attorney who was retained by the spouse of a deceased client and who attacked the validity of an antenuptial agreement which he had prepared. We noted that Canon 6 prohibited an attorney from attempting to nullify the effectiveness of his prior services. In our case the respondent's attempts to secure the proceeds of these life insurance policies for Mrs. Lakes clearly conflicted with the interests of his former client, Dr. Lakes, which he had promoted by his previous attempts to remove Mrs. Lakes as beneficiary. Tested by the standards announced in *Gerold* and *Michal* he was

guilty of representing conflicting interests within the proscription of Canon 6.

The respondent contends that because of Dr. Lakes's death and because he was discharged by Dr. Lakes's estate, he was under no continuing duty or loyalty when he was retained by Mrs. Lakes. Clearly, the death of a client does not discharge an attorney's duty of loyalty. (*In re Michal,* 415 Ill. 150.) Nor does an attorney's discharge by a client free him to represent adverse interests.

Thus, we adopt the recommendation of the Board of Governors that the respondent be censured.

*Respondent censured.*