(No. 49242.

*In re* STEVEN CYRUS SPENCER, Attorney, Respondent.

*Opinion filed October 5, 1977.*

DOOLEY, J., specially concurring.

Mary M. Conrad, of Chicago, for the Administrator of the Attorney Registration and Disciplinary Commission.

Wayne B. Giampietro, of Chicago (Ligtenberg, DeJong, Poltrock & Giampietro, of counsel), for respondent.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The Hearing Board of the Attorney Registration and Disciplinary Commission found that there was clear and convincing evidence that the respondent, Steven Cyrus Spencer, who was admitted to practice law in this jurisdiction on October 16, 1930, had engaged in conduct unbecoming a member of the legal profession and prejudicial to the administration of justice, and recommended that he be suspended from the practice of law for a period of six months. The Review Board, with one member dissenting, although finding "that the conduct of respondent did not comport with the highest traditions of the profession," found that he should not be subjected to discipline and dismissed the proceedings. We allowed the petition of the Administrator for leave to file exceptions to the report of the Review Board. Rule 753(e).

The record shows that John F. Heller, a resident of Cook County, died testate on June 19, 1967. The testator nominated his brother, Henry F. Heller, as executor, bequeathed the sum of $1 each to Henry F. Heller and another brother, Charles H. Heller, and bequeathed the rest of his estate to his sister, Minnie Bielefeldt. Respondent represented the executor in the proceedings in which the will was admitted to probate.

A petition to contest the validity of the will (Ill. Rev. Stat. 1967, ch. 3, par. 90) was filed by a third brother and two nephews of the testator alleging that Minnie Bielefeldt had exercised undue and improper influence upon the testator in the execution of the will, that the testator was incompetent, and requesting that the will be held "null and void and of no effect."

The Administrator's complaint charges and the evidence shows that the respondent, without the knowledge or consent of the executor, accepted a retainer fee from Minnie Bielefeldt to represent her interests in the estate. Approximately one month after the petition to contest the will was filed, respondent presented to Mrs. Bielefeldt a contingent fee contract under the terms of which he was to represent her in the will contest proceedings and was to be paid 33 1/3 percent of any sums obtained by her from the estate exclusive of the 1/6th of the estate to which she was entitled as an heir of the deceased. The contract also provided that respondent is "likewise appointed and designated by me in the case of my death to be the attorney for my estate."

The record shows that the respondent filed an appearance for Mrs. Bielefeldt in the will contest proceedings and that respondent did not withdraw as attorney for the executor until more than three months after the petition to contest the will was filed. It is apparent that relations between respondent and the executor became progressively more acrimonious. Although the precise nature of the dispute cannot be determined from the record, the circuit court entered an order directing respondent "as former attorney for Henry F. Heller, Executor," to deliver to the executor's then attorneys all documents and records relevant to the estate. Subsequent to the entry of that order, a petition, purportedly signed by Minnie Bielefeldt and notarized, requesting the removal of the executor, was filed. The testimony shows that

respondent signed Mrs. Bielefeldt's name without her consent, and that the petition was later withdrawn because she was unwilling to sign the petition or proceed with the removal. An order of the circuit court, "on motion of Minnie Bielefeldt," granted her leave to withdraw the petition. The will contest was settled upon payment to the plaintiffs of the sum of $25,000. The settlement agreement shows that an attorney's fee in the amount of $9,000 was paid to Harold A. Liebenson "in full payment for legal services rendered in behalf of Minnie Bielefeldt, legatee and defendant." The circuit court ordered that the sum paid to Mr. Liebenson be treated as an expense of the administration of the estate.

The gross estate was approximately $250,000 and the net estate approximately half that amount. Respondent was paid $8,750 by Mrs. Bielefeldt and received $5,635 from the estate. The final settlement shows that the executor was paid $7,100 and that the counsel who succeeded respondent were paid $10,400.

Respondent billed Mrs. Bielefeldt in the amount of $36,834.82 under the contingent fee contract and, upon her refusal to pay, filed suit. The claim was settled upon her payment to him of $14,000.

The Administrator contends that the respondent engaged in the representation of conflicting interests and that, in failing to advise the court of facts essential to the proper administration of the estate, he violated his duty as an attorney and officer of the court. He argues too that the contingent fee contract was unreasonable, unconscionable and fraudulent, and that the fees charged and collected were excessive. It is respondent's position that the interests of the executor and Minnie Bielefeldt were identical and that he did not therefore represent conflicting interests; that the execution of the contingent fee contract is not ground for discipline and that the Review Board correctly concluded that the disciplinary proceed-

ings should be dismissed.

We have examined *People v. Gerold,* 265 Ill. 448, *In re Williams,* 57 Ill. 2d 63, and *In re Michal,* 415 Ill. 150, cited by the Administrator in support of his contention that respondent was guilty of representing conflicting clients' interests. Those cases are clearly distinguishable. Unlike *Gerold,* respondent did not acquire information in the course of his representation of the executor which could operate to his former client's disadvantage, nor as in *Williams* and *Michal* did he, subsequent to the death of a former client, utilize information obtained during earlier representation to attack the deceased former client's actions.

Notwithstanding the fact that the record discloses no conflict of interest, respondent's conduct clearly did not comport with accepted professional standards and could adversely affect public confidence in our profession. Although this court has not formally approved the Code of Professional Responsibility adopted by the American Bar Association, it frequently serves as a guide for standards of professional conduct. Disciplinary Rule 5—105(C) provides: "[A] lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each." Respondent, upon ascertaining that the executor did not intend to defend against the petition to contest the will, failed to advise the court of that fact. Respondent entered "the appearance of defendants Minnie Bielefeldt *et al.*," and it was only after further proceedings relevant to the pleadings that the court learned of his true status and ordered that his appearance for defendants other than Mrs. Bielefeldt be stricken. It is also clear from the record that he did not advise Mrs. Bielefeldt concerning the nature of his duties if he were to continue in

the capacity of attorney for the executor. He accepted fees from the estate, and it is apparent from the record that the court was not advised at any time that he had also been paid by Mrs. Bielefeldt, and had entered into a contingent fee contract with her. Furthermore, if respondent relied upon his contingent fee agreement, the fee paid to attorney Harold A. Liebenson was properly payable from his contingent fee and should not have been allowed as an additional expense of the estate. It would appear further that had respondent advised the court of the executor's refusal to defend the petition to contest the will, appropriate proceedings under the provisions of section 93 of the Probate Act (Ill. Rev. Stat. 1967, ch. 3, par. 93) could have been instituted, and the fees paid would have been an expense of administration deductible in the computation of estate and inheritance taxes.

Under the circumstances we do not agree with the Review Board that the respondent should not be subjected to discipline. The purpose of a disciplinary proceeding is to safeguard the public and maintain the integrity of the legal profession. (*In re Smith,* 63 Ill. 2d 250.) Determination of the appropriate sanction to be imposed, however, is difficult, and as we said in *In re Andros,* 64 Ill. 2d 419, 425-26, "While a degree of uniformity in the application of attorney discipline is desirable, each case must still be determined on its own merits." The record shows that respondent is approximately 75 years of age and does not reflect any prior disciplinary action. The fact remains, however, that he has failed to comport himself in the manner which should be expected of a member of the legal profession and that his conduct may well have deprived Mrs. Bielefeldt of substantial tax benefits. On this record we are of the opinion that an appropriate sanction is that respondent be censured.

*Respondent censured.*

MR. JUSTICE DOOLEY, specially concurring:

As I stated in a specially concurring opinion in *In re Walker* (1977), 67 Ill. 2d 48, 52, wherever the conduct justifies no greater penalty than censure, it should not be memorialized in the opinions of this court. It can be adequately accomplished by an order.

As I point out in my dissent in *In re Madsen* (1977), 68 Ill. 2d 472, 494-95, the penalty here is less than imposed in *Madsen* the same day, although the charges against Madsen were comparably inconsequential.