ANNA SKOREK, Plaintiff-Appellant, v. CHESTER PRZYBYLO *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—91—3349

Opinion filed December 20, 1993.

Tenney & Bentley (John Vernon Schrock and Michael Childress, of counsel), and Anna Skorek, *pro se*, both of Chicago, for appellant.

Alholm & Monahan, of Chicago (Anthony J. Alholm, Peter A. Monahan, and Daniel F. D'Attomo, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Anna Skorek, appeals the dismissal with prejudice of count I of her amended complaint against defendants, Chester Przybylo, and the Law Offices of Przybylo and Kubiatowski (collectively, Przybylo) for failure to state a cause of action, pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615). We affirm.

The record contains the following relevant facts. Plaintiff was married to Zdislaw Skorek (Joe). On March 20, 1987, plaintiff and Joe engaged Przybylo to perform a residential real estate closing on property located at 2736 N. McVicker Avenue, Chicago, Cook County, Illinois. The deed to the property provided that plaintiff and Joe were 100% owners of the property by joint tenancy, with rights of survivorship. Dariusz Skorek, Joe's son, lived with the Skoreks in the McVicker Avenue home.

On May 16, 1988, Joe suffered a heart attack which rendered him mentally incapacitated. On September 29, 1988, Przybylo prepared a quitclaim deed to transfer Joe's interest in the McVicker Avenue property to Dariusz. On January 19, 1989, Przybylo recorded the quitclaim deed. On June 28, 1989, Joe suffered a stroke that further incapacitated him mentally and physically. Joe died on October 29, 1989.

In count I of her first amended complaint, plaintiff alleged that she and Joe employed Przybylo as their general counsel and that Przybylo breached a fiduciary duty owed to her when he prepared and executed the quitclaim deed transferring Joe's interest in the McVicker Avenue property to Dariusz. Plaintiff alleged that the real estate closing transaction on the McVicker Avenue property commenced an attorney-client relationship between plaintiff and Przybylo, which Przybylo subsequently violated when, without informing plaintiff, Przybylo prepared the documents necessary to defeat plaintiff's right of survivorship under joint tenancy. Plaintiff alleged that Przybylo's actions violated the provisions of the Canons of Ethics which proscribe accepting representation where a conflict of interest exists.

Przybylo filed a motion to dismiss count I of plaintiff's amended complaint for failure to state a cause of action under section 2—615 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—615.) Following a hearing on September 25, 1991, the trial court granted Przybylo's motion with prejudice, finding no just reason to delay enforcement or appeal. Plaintiff's timely appeal followed.

On appeal, plaintiff contends that the trial court erred in dismissing count I of her amended complaint for legal malpractice.

Courts are to construe pleadings liberally, with the view to do substantial justice between the parties. (*Disc Jockey Referral Network, Ltd. v. Ameritech Publishing* (1992), 230 Ill. App. 3d 908, 912, 596 N.E.2d 4.) Accordingly, no pleading is defective in substance if it contains facts which reasonably inform the opposite party of the nature of the charge to be answered. (*Disc Jockey*, 230 Ill. App. 3d at 912.) A motion to dismiss, pursuant to section 2—615 of the Illinois

Code of Civil Procedure (Code) (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), however, attacks the sufficiency of the complaint and should be decided solely upon the allegations the complaint sets forth. (*Perkins v. Collete* (1989), 179 Ill. App. 3d 852, 534 N.E.2d 1312.) A trial court may grant a motion to dismiss under section 2—615 of the Code when a complaint does not contain allegations of fact sufficient to state a cause of action. *Singer v. Brookman* (1991), 217 Ill. App. 3d 870, 578 N.E.2d 1.

A plaintiff pleading a legal malpractice action must allege the following: (1) the existence of an attorney/client relationship; (2) a duty arising from that relationship; (3) a breach of that duty on the part of the defendant/counsel; (4) proximate cause; and (5) damages. *Beastall v. Madson* (1992), 235 Ill. App. 3d 95, 100, 600 N.E. 2d 1323; *Claire Associates v. Pontikes* (1986), 151 Ill. App. 3d 116, 502 N.E.2d 1186.

Plaintiff contends that her complaint adequately set forth a cause of action for "breach of fiduciary duty" as a result of legal malpractice. Plaintiff argues that Przybylo's preparation and execution of the quitclaim deed transferring the property to Dariusz constituted a conflict of interest and thus a "breach of loyalty and fidelity" to plaintiff's interests.

In support, plaintiff relies on cases which have no bearing on the issues of the present case. For example, in *La Salle National Bank v. Triumvera Homeowners Association* (1982), 109 Ill. App. 3d 654, 440 N.E.2d 1073, this court upheld the trial court's order disqualifying a law firm from representing a condominium developer's successor. Disqualification of counsel is not an issue in the present case.

Plaintiff's further reliance on *In re Williams* (1974), 57 Ill. 2d 63, 309 N.E.2d 579, and *In re Michal* (1953), 415 Ill. 150, 112 N.E.2d 603, is unavailing. *Williams* and *Michal* both involve disciplinary proceedings against attorneys by the Attorney Registration and Disciplinary Commission. In the present case, plaintiff has filed an action in tort alleging legal malpractice.

Defendants argue that plaintiff has alleged a cause of action which does not exist in Illinois, *i.e.*, "ethical malpractice." In support, defendants cite *Nagy v. Beckley* (1991), 218 Ill. App. 3d 875, 578 N.E.2d 1134. There, plaintiffs retained defendants as counsel to defend them in a lawsuit. Following trial, a judgment was entered against plaintiffs and plaintiffs paid defendants legal fees. Subsequently, one of the plaintiffs filed a four-count complaint against defendants alleging legal malpractice. In count I, the plaintiff alleged that defendants neither asserted a defense on her behalf at trial nor informed her that the availability of this defense might place her in

an adverse position to the other plaintiffs. In count II, the plaintiff alleged that this same inaction on defendants' part constituted a breach of ethical duty under Canon 5 of the Illinois Code of Professional Responsibility, including Rule 5—105 (107 Ill. 2d R. 5—105 (repealed and superseded by new rules effective August 1, 1990); see 134 Ill. 2d R. 1.7). Rule 5—105 prohibited attorneys from representing multiple clients where the representation was likely to adversely affect the exercise of the attorney's independent judgment, unless the clients consented after receiving full disclosure of relevant facts from the attorney. *Nagy*, 218 Ill. App. 3d at 879.

The trial court dismissed count II of the plaintiff's complaint as duplicative of count I. On appeal, this court upheld the trial court's ruling, finding that the rules of legal ethics, while relevant to the standard of care in a legal malpractice suit (see *Rogers v. Robson, Masters Ryan, Brumund & Belom* (1979), 74 Ill. App. 3d 467, 392 N.E.2d 1365, *aff'd* (1980), 81 Ill. 2d 201, 407 N.E.2d 47), do not establish a separate duty or cause of action in tort. *Nagy*, 218 Ill. App. 3d at 875.

Acknowledging *Nagy*, plaintiff argues that it does not preclude her cause of action because the *Nagy* court upheld count I of the plaintiff's complaint in that case. Plaintiff's argument here is unavailing. Unlike the plaintiff in the present case, the plaintiff in *Nagy* clearly set forth a cause of action in tort separate from her cause of action under the Code of Professional Responsibility.

We reject plaintiff's further contention that the trial court improperly considered the law of joint tenancy in dismissing count I of her complaint. Until his death, Joe Skorek had an absolute right to quitclaim his interest in the McVicker Avenue property to whomever he chose. See *Johnson v. Beneficial Finance Co.* (1987), 154 Ill. App. 3d 672 (a joint tenant can sever a joint tenancy by conveying his or her interest without the consent or permission of the other).

Plaintiff concedes that Joe had the right to execute the quitclaim deed but, in reliance on *Rogers*, argues that Przybylo had a duty to disclose to plaintiff his intent to do so. Plaintiff's reliance is misplaced. *Rogers* concerned the duty of a law firm to disclose to its client, an insured, its intention to settle a case with an insurance company, when the law firm represented both the insurer and the insured. The *Rogers* court held that an insured must be informed of any settlement offers that affect him. *Rogers*, 74 Ill. App. 3d at 474.

The record demonstrates that plaintiff has failed to set forth a cause of action in legal malpractice. We therefore affirm the judgment of the trial court dismissing count I of plaintiff's amended complaint.

Affirmed.

MANNING, P.J., and O'CONNOR, J., concur.