No. 2--05--0610                                    filed: 2/2/07

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| VG MARINA MANAGEMENT CORPORATION, | ) ) ) | Appeal from the Circuit Court Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 01--LM--668 |
| FRANK WIENER, | ) ) | Honorable Judith M. Brawka, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the opinion of the court:

Defendant, Frank Wiener, appeals from the trial court's orders granting summary judgment to plaintiff, VG Marina Management Corporation, on its complaint for rent and awarding plaintiff its attorney fees incurred in bringing the complaint. On appeal, defendant contends that (1) the award of attorney fees violates section 5--12--140(f) of Chicago's Residential Landlord and Tenant Ordinance (the RLTO) (Chicago Municipal Code §5--12--140(f) (amended November 6, 1991)), and (2) the lease agreement between the parties is unenforceable because it contains provisions that violate the RLTO. For the reasons that follow, we affirm.

On April 19, 2001, plaintiff filed a "complaint for rent," alleging that defendant had breached the parties' lease agreement by failing to timely pay rent. The complaint requested the award of all past-due rent as well as plaintiff's attorney fees incurred in the action. Plaintiff's claim for attorney fees was predicated on paragraph 15(e) of the lease, which provided:

"Lessee shall pay upon demand all Lessor's costs, charges and expenses, including the fees of agents and others retained by Lessor and, as provided by applicable laws and court rules, the fees of counsel incurred in enforcing Lessee's obligations hereunder or incurred by Lessor in any litigation, negotiation, or transaction in which Lessee causes Lessor, without Lessor's fault, to become involved or concerned."

The parties subsequently filed cross-motions for summary judgment. Defendant did not contest plaintiff's assertion that he had failed to pay rent due under the lease agreement. Rather, defendant argued, inter alia, that the attorney fees provision contained in paragraph 15(e) of the lease was unenforceable under the RLTO and that the lease as a whole was unenforceable as a matter of public policy, by virtue of lease provisions that violated the RLTO. On September 14, 2004, the trial court denied defendant's motion for summary judgment and granted plaintiff's motion for summary judgment. The trial court also ruled that plaintiff was entitled to an award of attorney fees and granted plaintiff leave to file a fee petition. On May 19, 2005, after considering plaintiff's petition for attorney fees, the trial court entered judgment against defendant for $30,380.66, consisting of $6,798.82 for unpaid rent, $1,081.84 for costs, and $22,500 for plaintiff's attorney fees. Defendant timely appeals.

Defendant first contends that the trial court erred in granting summary judgment to plaintiff on the issue of attorney fees. As he did at trial, defendant argues that the attorney fees provision contained in paragraph 15(e) of the lease is unenforceable under section 5--12--140(f) of the RLTO. Summary judgment is proper when the pleadings, depositions, and affidavits on file demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. City of Oakbrook Terrace v. Suburban Bank & Trust Co., 364 Ill. App. 3d 506, 510 (2006).

We review de novo the propriety of an order granting summary judgment. City of Oakbrook Terrace, 364 Ill. App. 3d at 510, citing Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90, 102 (1992). Similarly, the construction and legal effect of the lease agreement and the provisions of the RLTO are questions of law, which we review de novo. Lawrence v. Regent Realty Group, Inc., 197 Ill. 2d 1, 9 (2001); Plambeck v. Greystone Management & Columbia National Trust Co., 281 Ill. App. 3d 260, 266 (1996).

The same rules that govern the interpretation of statutes apply in construing municipal ordinances. Starr v. Gay, 354 Ill. App. 3d 610, 612 (2004). As in the case of a statute, the primary objective in construing an ordinance is to ascertain and give effect to the intent of the lawmaking body as disclosed by the language contained in the ordinance. Starr, 354 Ill. App. 3d at 612-13. The best indicator of this intent comes from the language of the ordinance itself, but may also include consideration of the reason behind and the necessity for the ordinance. American National Bank v. Powell, 293 Ill. App. 3d 1033, 1038 (1997) (interpreting the RLTO).

Section 5--12--140 of the RLTO provides in relevant part as follows:

"Except as otherwise specifically provided by this chapter, no rental agreement may provide that the landlord or tenant:

* * *

(f) Agrees that in the event of a lawsuit arising out of the tenancy the tenant will pay the landlord's attorney's fees except as provided for by court rules, statute, or ordinance."

Chicago Municipal Code §5--12--140(f) (amended November 6, 1991).

The plain language of this section is clear: a rental agreement may not provide that a tenant agrees to pay attorney fees in connection with a lawsuit, unless such attorney fees are provided for by court

rules, statute, or ordinance. The plain language of paragraph 15(e) of the lease agreement does not violate section 5--12--140(f) of the RLTO, because it provides that plaintiff may recover attorney fees incurred in enforcing defendant's obligations under the lease agreement only "as provided by applicable laws and court rules." Accordingly, we read the attorney fees language of paragraph 15(e) of the lease to be in harmony with section 5--12--140(f). See Plambeck, 281 Ill. App. 3d at 267 (holding that a lease containing provision that lessee shall pay costs, expenses, and attorney fees incurred by lessor due to lessee's breach of lease agreement " 'to the extent permissible by Court rules, Court order, state statute or Local Ordinance' " (emphasis omitted), did not violate section 5--12--140(f) of the RLTO).

Defendant additionally argues that, even if paragraph 15(e) of the lease does not violate section 5--12--140(f) of the RLTO, no court rule, statute, or ordinance provides for the recovery of attorney fees in the instant case. The trial court rejected this argument, ruling that section 5--12--180 of the RLTO permitted such an award. Section 5--12--180 provides as follows:

"Except in cases of forcible entry and detainer actions, the prevailing plaintiff in any action arising out of a landlord's or tenant's application of the rights or remedies made available in this ordinance shall be entitled to all court costs and reasonable attorney's fees; provided, however, that nothing herein shall be deemed or interpreted as precluding the awarding of attorney's fees in forcible entry and detainer actions in accordance with applicable law or as expressly provided for in this ordinance." Chicago Municipal Code §5--12--180 (added November 6, 1991).

Defendant argues that this provision does not apply in this case, because plaintiff's complaint did not seek a right or remedy made available in the RLTO. We disagree.

Section 5--12--130 of the RLTO provides the rights and remedies available to a landlord when a tenant has breached the terms of a lease agreement or where a tenant has breached his or her other obligations under the RLTO. Chicago Municipal Code §5--12--130 (amended November 6, 1991). Subsection (a) of that section specifically provides a landlord's remedies upon a tenant's failure to pay rent and states as follows:

> "(a) Failure to Pay Rent. If all or any portion of rent is unpaid when due and the tenant fails to pay the unpaid rent within five days after written notice by the landlord of his intention to terminate the rental agreement if rent is not so paid, the landlord may terminate the rental agreement. *** A landlord may also maintain an action for rent and/or damages without terminating the rental agreement." Chicago Municipal Code §5--12--130(a) (amended November 6, 1991).

Subsection (a) provides two distinct remedies upon the nonpayment of rent: one remedy permits a landlord to terminate the lease agreement upon proper notice to the tenant, and the other remedy permits a landlord to maintain an action for rent and damages without terminating the agreement. In the instant case, plaintiff did not seek the remedy of termination, as its lease agreement with defendant had already expired and defendant had vacated the premises. Instead, plaintiff's complaint for rent sought the second remedy, which permits a landlord to "maintain an action for rent and/or damages."

Although plaintiff's complaint for rent did not specifically indicate that it was brought pursuant to the provisions of the RLTO, the complaint nonetheless invoked a remedy provided by the RLTO. The RLTO "applies to, regulates and determines rights, obligations and remedies under every rental agreement for a dwelling unit located within the City of Chicago." Chicago Municipal

Code §5--12--010 (amended November 6, 1991). The rights or remedies available to landlords under the laws of the State of Illinois, or other local ordinances, are applicable only "[t]o the extent [the RLTO] provides no right or remedy in a circumstance." Chicago Municipal Code §5--12--190 (amended November 6, 1991). As the RLTO regulated and determined plaintiff's remedies under the instant rental agreement, and because section 5--12--130(a) of the RLTO specifically provided remedies for the nonpayment of rent, plaintiff's complaint necessarily was brought pursuant to the authority of the RLTO. Under sections 5--12--010 and 5--12--190, no other remedies were available to plaintiff.

Moreover, we note that courts are to construe pleadings liberally, with the view to do substantial justice between the parties. Skorek v. Przybylo, 256 Ill. App. 3d 288, 289 (1993). An opposing party is not prejudiced where the pleading contains facts that reasonably inform that party of the nature of the charge to be answered. Skorek, 256 Ill. App. 3d at 289. In the instant case, plaintiff's complaint contained facts sufficient for it to be construed as an action for rent under section 5--12--130(a) of the RLTO. Plaintiff alleged the existence of a lease between the parties for the rental of a dwelling unit in the City of Chicago and defendant's failure to pay rent according to the terms of the lease. Plaintiff also specifically requested an award of attorney fees, which ordinarily is unavailable in a common-law action for breach of contract. See Leahy Realty Corp. v. American Snack Foods Corp., 253 Ill. App. 3d 233, 250 (1993). In defending against plaintiff's complaint, defendant specifically invoked the RLTO and, in their cross-motions for summary judgment, the parties argued the import of various provisions of the RLTO. In defendant's motion for summary judgment, defendant noted that the subject rental apartment was within the boundaries of the City of Chicago and asserted that the RLTO "is applicable to the particulars of the landlord

tenant relationship in this case." Under these circumstances, defendant was not prejudiced by plaintiff's failure to specifically reference the RLTO in its complaint.

For these reasons, we conclude that plaintiff's complaint sufficiently invoked a remedy under section 5--12--130(a) of the RLTO. After plaintiff prevailed upon its complaint for a remedy "made available" under the RLTO, the trial court correctly determined that plaintiff was entitled to an award of costs and attorney fees under section 5--12--180, and we uphold its award. See Meyer v. Cohen, 260 Ill. App. 3d 351, 363 (1993) (noting that section 5--12--180 is a blanket provision entitling party to attorney fees and costs upon prevailing in an action asserting rights or remedies under the RLTO).

In so holding, we note that our analysis does not undermine or render meaningless the protections afforded tenants under section 5--12--140(f) of the RLTO. Our conclusion that a landlord prevailing in an action to recover unpaid rent may recover attorney fees under section 5--12--180 in no way alters section 5--12--140(f)'s prohibition against lease provisions requiring a tenant to pay attorney fees not "provided for by court rules, statute, or ordinance." Chicago Municipal Code §5--12--140(f) (amended November 6, 1991). Section 5--12--140(f) continues to prohibit attorney fees provisions not authorized by law, an example of which would be a lease provision that required a tenant to pay a landlord's attorney fees incurred in a lawsuit regardless of whether the landlord was the prevailing party. Our decision today does nothing to alter the import or effect of section 5--12--140(f).

Defendant next contends that two provisions of the lease agreement violated section 5--12--140 of the RLTO (Chicago Municipal Code §5--12--140 (amended November 6, 1991)) and that as a consequence, the entire lease must be declared void and unenforceable as against public policy. Specifically, defendant alleges that the following lease provisions violate section 5--12--140: (1) the

attorney fees provision contained in lease paragraph 15(e), and (2) the holdover-tenant provision contained in lease paragraph 15(b). As we have already discussed, the attorney fees provision of the lease agreement did not violate section 5--12--140(f). See Plambeck, 281 Ill. App. 3d at 267.

As to the holdover-tenant provision of the lease, regardless of whether it violated section 5--12--140 of the RLTO, we reject defendant's argument that the entire lease must be invalidated. Section 5--12--140 provides:

> "A provision prohibited by this section included in a rental agreement is unenforceable. The tenant may recover actual damages sustained by the tenant because of the enforcement of a prohibited provision. If the landlord attempts to enforce a provision in a rental agreement prohibited by this section the tenant may recover two months rent."
>
> Chicago Municipal Code §5--12--140 (amended November 6, 1991).

Thus, the RLTO specifically provides a remedy in the case of a lease provision that violates one or more portions of section 5--12--140. Because plaintiff never attempted to assert against defendant the holdover-tenant lease provision, he has not been damaged by the inclusion of this allegedly illegal provision, and we decline defendant's request to expand upon the explicit remedy provided by section 5--12--140. The RLTO is clear in defining a tenant's remedy for the inclusion of prohibited lease provisions, and we decline defendant's invitation to void the lease as a matter of public policy. Cf. Lawrence, 197 Ill. 2d at 11 ("courts may not rewrite statutes to make them consistent with their own ideas of orderliness and public policy").

Further, even if we were inclined to reexamine the wisdom of the remedies contained in 5--12-140, we are not convinced that public policy would compel invalidation of the lease in its entirety, based upon the challenged provision. Section 184(1) of the Restatement (Second) of

Contracts provides that when some portion of an agreement is unenforceable as against public policy:

> "[A] court may nevertheless enforce the rest of the agreement in favor of a party who did not engage in serious misconduct if the performance as to which the agreement is unenforceable is not an essential part of the agreed exchange." Restatement (Second) of Contracts §184(1), at 30 (1981).

Although there is a public policy argument in favor of insuring that the provisions of the RLTO are followed, there is also a significant public policy interest in upholding the parties' lease agreement. "[C]omplex, multipart agreements on which there may have been significant reliance should not be void as a whole solely because some small part is against public policy" (People v. McNett, 361 Ill. App. 3d 444, 448 (2005)), because, absent great inequality or misconduct involving an essential term of the contract, doing so would frustrate the contractual expectations of the parties. Here, defendant fails to relate how the holdover-tenant provision impacted upon his failure to pay rent after voluntarily relinquishing possession of the premises. Defendant also has failed to show prejudice that materially affected the rights of the parties under the lease agreement.

In urging a contrary result, defendant directs us to the Wisconsin Supreme Court's decision in Baierl v. McTaggart, 245 Wis. 2d 632, 629 N.W.2d 277 (2001), in which the court voided a lease that, he argues, contained invalid attorney fee language. However, it is well settled that decisions by courts from other states are not binding on courts of this state. Those Certain Underwriters at Lloyd's v. Professional Underwriters Agency, Inc., 364 Ill. App. 3d 975, 981 (2006). To the extent defendant's citation to foreign authority would direct us to a different result, we find it unpersuasive and instead follow the principles of law discussed above.

For the foregoing reasons, we affirm the trial court's orders granting plaintiff's motion for summary judgment and awarding plaintiff attorney fees. We deny plaintiff's request for an award of attorney fees on appeal, because we conclude that plaintiff has failed to show that such fees are warranted under Supreme Court Rule 375 (155 Ill. 2d R. 375).

Affirmed.

McLAREN, J., concurs.

JUSTICE O'MALLEY, dissenting:

I disagree with the majority's conclusion that the RLTO allows attorney fees in this case. Section 5--12--140 of the RLTO provides as follows:

"Except as otherwise specifically provided by this chapter, no rental agreement may provide that the landlord or tenant:

* * *

(f) Agrees that in the event of a lawsuit arising out of the tenancy the tenant will pay the landlord's attorney's fees except as provided for by court rules, statute, or ordinance." Chicago Municipal Code §5--12--140 (amended November 6, 1991).

The plain language of this section is clear: a rental agreement may not provide that a tenant agrees to pay attorney fees in connection with a lawsuit, unless such attorney fees are provided for by court rules, statute, or ordinance. Plaintiff directs us to no court rule or statute that provides for its recovery of attorney fees in this case. Plaintiff instead argues, and the trial court apparently agreed, that an ordinance--another section of the RLTO itself--provides that plaintiff may recover attorney fees in this case.

Plaintiff directs us to section 5--12--180 of the RLTO, which creates an exception to the section 5--12--140 prohibition on attorney fees for landlords:

"Except in cases of forcible entry and detainer actions, the prevailing plaintiff in any action arising out of a landlord's or tenant's application of the rights or remedies made available in this ordinance shall be entitled to all court costs and reasonable attorney's fees; provided, however, that nothing herein shall be deemed or interpreted as precluding the awarding of attorney's fees in forcible entry and detainer actions in accordance with applicable law or as expressly provided in this ordinance." Chicago Municipal Code §5--12--180 (added November 6, 1991).

I resort first to the plain language of the ordinance in order to derive its meaning. Plaintiff urges that, under the above section of the RLTO, "the prevailing plaintiff in a landlord-tenant action is entitled to all costs and fees incurred in such action." I disagree with plaintiff's characterization of section 5--12--180. The section does not allow for the prevailing plaintiff to recover attorney fees in all landlord-tenant lawsuits, as plaintiff implies. Rather, by its plain language, section 5--12--180 allows attorney fees only in actions "arising out of a [party's] application of the rights or remedies made available in [the RLTO]." Chicago Municipal Code §5--12--180 (added November 6, 1991). Plaintiff brought this action to enforce its right to rent payments under the rental agreement, and not to enforce rights or remedies made available by the RLTO. Accordingly, section 5--12--180 does not apply. (The section also specifically provides that attorney fees may be awarded in forcible entry and detainer actions. However, again, the current action is an action for rent pursuant to the lease, and not a forcible detainer action, and the forcible detainer language does not apply.) Plaintiff's interpretation of section 5--12--180 contravenes the plain language of the ordinance.

Further, a statute or ordinance should be read as a whole and construed so that no part of it is rendered meaningless or superfluous. Gaylor v. Village of Ringwood, 363 Ill. App. 3d 543, 548 (2006), citing People v. Jones, 214 Ill. 2d 187, 193 (2005). As noted, section 5--12--140 provides that a landlord may not hold a tenant liable for attorney fees for lawsuits arising out of the tenancy. If we were to accept plaintiff's interpretation of section 5--12--180 as allowing the prevailing plaintiff attorney fees in any landlord-tenant action, section 5--12--140 would be rendered virtually meaningless. For this reason, along with the fact that plaintiff's interpretation is at odds with the plain language of the RLTO, I would reject plaintiff's argument.

Plaintiff also asserts in passing that the "RLTO also makes fees available for tenant breach in Section 5--12--130(b)." Section 5--12--130 states, in pertinent part:

"Every landlord shall have the remedies specified in this section for the following circumstances:

(a) Failure to pay rent. If all or any portion of rent is unpaid when due and the tenant fails to pay the unpaid rent within five days after *** notice by the landlord of his intention to terminate the rental agreement if rent is not so paid, the landlord may terminate the rental agreement. *** A landlord may also maintain an action for rent and/or damages without terminating the rental agreement.

(b) Noncompliance by Tenant. If there is material noncompliance by a tenant with a rental agreement or with Section 5--12--040, the landlord *** may deliver written notice to the tenant specifying the acts and/or omissions constituting the breach and that the rental agreement will terminate upon a date not less than 10 days after receipt of the notice, unless the breach is remedied by the tenant within that period of time. If the breach is not remedied

within the 10 day period, the residential rental agreement shall terminate as provided in the notice. The landlord may recover damages and obtain injunctive relief for any material noncompliance by the tenant with the rental agreement or with Section 5--12--040. If the tenant's noncompliance is willful, the landlord may also recover reasonable attorney's fees." Chicago Municipal Code §5--12--130 (amended November 6, 1991).

Plaintiff does not assert that section 5--12--130(b) applies in this case, and plaintiff points to no portion of the record where plaintiff argued, or the trial court concluded, that defendant's failure to pay rent was "willful," as is required to trigger the attorney fees provision of section 5--12--130(b). Plaintiff simply argues that the RLTO does not prohibit landlords from recovering attorney fees in all cases, and thus that section 5--12--140 should not bar it from recovering fees here. I agree with plaintiff's assertion that section 5--12--130(b) allows a landlord to collect attorney fees, but that revelation is entirely consistent with the above-quoted text of section 5--12--140, which prohibits a landlord from collecting attorney fees "[e]xcept as otherwise specifically provided by [the RLTO]." Chicago Municipal Code §5--12--140 (amended November 6, 1991). The fact that the RLTO specifically provides under section 5--12--130(b) for landlords in some instances to recover attorney fees does not defeat my conclusion that plaintiff here is not entitled to attorney fees.

The majority concludes that plaintiff is entitled to attorney fees under the RLTO because this action could be characterized as an action under section 5--12--130(a) of the RLTO, and thus it is an action "arising out of a [party's] application of the rights or remedies made available in [the RLTO]" so that attorney fees are available under section 5--12--180 (Chicago Municipal Code §5--12--180 (added November 6, 1991)). See slip op. at 7. Plaintiff has not argued the application of section 5--12--130(a) to this case. In fact, though plaintiff specifically mentions section 5--12--

130(b) in its brief, it makes no such mention of section 5--12--130(a). Thus the majority raises this issue sua sponte. A reviewing court should set aside the principles of waiver only for good reason: "to provide a just result [or] to maintain a sound and uniform body of precedent." Dillon v. Evanston Hospital, 199 Ill. 2d 483, 505 (2002). In exercising the court's power to override considerations of waiver, "[proper] care should be taken that the litigants are not deprived of an opportunity to present argument." Hux v. Raben, 38 Ill. 2d 223, 225 (1967) (holding that, in the situation presented there, the appellate court did not err by considering arguments not raised by the parties). Because there has been no input from the parties to shape the issue for our review, no opportunity for defendant to respond to the issue, and no good reason presented to disregard the principles of waiver, we should consider the section 5--12--130(a) argument waived. Further, if the majority chooses to advocate for one side over the other by raising arguments for plaintiff, it should at least afford defendant an opportunity to respond to the arguments. At a minimum, in the interest of basic fairness, the majority should order supplemental briefing.

Absent input from defendant, the majority anticipates an argument on defendant's behalf when it sua sponte offers that its interpretation does not render section 5--12--140 meaningless. See slip op. at 7 ("In so holding, we note that our analysis does not undermine or render meaningless *** section 5--12--140(f) ***"). The majority reasons that, under its interpretation, section 5--12--140 continues to prohibit attorney fees provisions in cases where a lease provision requires that a tenant pay a landlord's attorney fees regardless of whether the landlord was the prevailing party in a lawsuit. Slip op. at 7. This sua sponte rather extreme hypothetical, which may implicate public policy considerations beyond the scope of the RLTO, illustrates the extent to which the majority has gone on its own to defend a holding that it reaches entirely on its own.

No. 2--05--0610

The sua sponte nature of the majority's ruling leaves open further questions about the ruling's propriety. The majority concludes that plaintiff here sought a remedy under section 5--12--130(a) of the RLTO, based on language from RLTO provisions describing the ordinance's scope. Slip op. at 6. (Of course, the majority does so again without any suggestion from the parties.) The relevant portion of section 5--12--130(a) states that a "landlord may also maintain an action for rent and/or damages without terminating the rental agreement." (Emphasis added.) Chicago Municipal Code §5--12--130(a) (amended November 6, 1991). The majority states that plaintiff did not seek a remedy of termination, because the lease had already ended, but it does not discuss whether the fact that the lease was no longer in effect at the time of the complaint moves this case outside of the intended scope of section 5--12--130(a).

In light of these (and perhaps other) potential problems with the majority's interpretation, and without any input from the parties on this issue, I do not venture a conclusion as to the application of section 5--12--130(a) to this case.

Based on the above discussion, I would either order supplemental briefing on the issues the majority discusses or limit my analysis to the issues the parties have presented to us. Without supplemental briefing, I would hold that the trial court erred in granting plaintiff's motion for summary judgment, and denying defendant's, on the issue of attorney fees, and I would reverse the trial court's ruling in that respect. I agree with the majority that the attorney fees provision of the lease agreement does not violate the RLTO (see slip op. at 4) and that the lease should not be declared void in its entirety as a matter of public policy (see slip op. at 8-10).